**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORLAURA SMALLWOOD,<br><br>       Plaintiff,<br>  v.<br><br>ALLTRAN FINANCIAL LP,<br><br>       Defendants. | **OPINION**<br>Civ. No. 19-1394-WHW-CLW |

**Walls, Senior District Judge**

  In this Fair Debt Collection Practices Act suit, Defendant Alltran Financial LP ("Alltran") moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. Plaintiff Dorlaura Smallwood opposes. ECF No. 14. Decided without oral argument under Federal Rule of Civil Procedure 78, the motion to dismiss is granted.

### FACTUAL BACKGROUND[1]

  Smallwood, a New Jersey resident, allegedly incurred a debt (the "Debt") to Capital One, N.A. ("Capital One"). Compl. ¶¶ 7, 11. Capital One later contracted with Alltran, a debt collector, to recover the Debt. *Id.* ¶¶ 8, 15.

  Alltran sent Smallwood a one-page letter, dated January 30, 2018, in an initial attempt to collect the Debt. *Id.* ¶ 17; *id.* Ex. A (the "Letter"). The Letter begins, "Your Capital One, N.A. account has been placed with us for collections. Our services have been contracted for the recovery of your delinquent account. Our records indicate that the outstanding balance on your account is $581.60." Letter at 1. The Letter then offers Smallwood two options—(1) settle her

---

[1]  Unless stated otherwise, all facts are drawn from Smallwood's Complaint ("Compl."), ECF No. 1. These facts are taken as true for the purpose of Alltran's motion. *See Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 125-26 (3d Cir. 2016) (quoting *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009)) ("[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them.").

account "for a lump sum payment of $348.96," or (2) call an Alltran representative about other repayment options. *Id.* The Letter continues:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* All text in the body of the Letter is printed in the same size and style font, except for a large "Notice of Collection and Special Offer" header at the top of the page and a set of boxes at the bottom of the Letter with Alltran's contact information. *Id.*

Upon receiving the Letter, Smallwood sued Alltran for damages and declaratory relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). Compl. at 9. Smallwood claims violations of Sections 1692e (Count 1), Compl. ¶¶ 31-35, and 1692g (Count 2) of that statute, Compl. ¶¶ 36-40. The former provision bars debt collectors such as Alltran[2] from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And the latter requires a debt collector to

> send the consumer a written notice containing—(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

---

[2] Alltran does not dispute that it is a "debt collector" within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6) (defining "debt collector" under FDCPA).

15 U.S.C. § 1692g(a). These five statements are collectively known as a "validation notice." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 (3d Cir. 2000), *as amended* (Sept. 7, 2000).

Smallwood contends that the Letter's validation notice fails to "convey the requirement that a consumer must dispute a debt in writing under §1692g(a)(3)." Compl. ¶¶ 21-24 (emphasis in original). This error is compounded, according to Smallwood, by the Letter stating, "'If' you notify us in writing . . . ," thereby implying that the writing requirement is "voluntary." *Id.* ¶ 25 (emphasis added).

Alltran moves to dismiss both counts of the Complaint. ECF No. 10.

## STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal where the non-moving party fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

In assessing a plaintiff's claims, a district court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint. *See*

*Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003); Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2004). "A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

## DISCUSSION

**1. Alltran's Motion to Dismiss the Complaint for Failure to State a Claim Is Granted.**

   *a.  15 U.S.C. § 1692g (Count 2)*

A debt collector violates Section 1692g of the FDCPA when the validation notice "is overshadowed or contradicted by accompanying messages or notices from the debt collector." *Wilson*, 225 F.3d at 355. Alltran argues that the Letter's validation notice is statutorily adequate and is neither overshadowed nor contradicted by the rest of the Letter. ECF No. 10-2 (Alltran Mot. Br.) at 11.

Smallwood disagrees, arguing that the Letter impermissibly fails to explain that a dispute regarding the validity of the debt must be made in writing. ECF No. 14 (Smallwood Opp. Br.) at 4-10. She bases this contention on *Graziano v. Harrison*, in which the Court of Appeals ruled that "subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing." 950 F.2d 107, 112 (2d Cir. 1991). Alltran did not submit a reply brief, but contends in its opening submission that *Graziano* does not impose a writing requirement. Alltran Mot. Br. at 8-11.

The Court first observes that Section 1692g(a)(3) does not, by its terms, require a debt collector to explain that a consumer's dispute of a debt must in writing. That subsection expects

"a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]" 15 U.S.C. § 1692g(a)(3). Nowhere does this provision require the debt collector to explain that the debt must be disputed in writing. Instead, subsections (a)(3)-(5) command debt collectors to make three specific statements that the Letter tracks closely:

| FDCPA § 1692g(a) | Letter to Smallwood |
|---|---|
| [A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.] 15 U.S.C. § 1692g(a)(3). | Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. |
| [A] statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.] 15 U.S.C. § 1692g(a)(4). | If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. |
| [A] statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a)(5). | If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. |

Letter at 1; 15 U.S.C. §§ 1692g(a)(3)-(5).

The Letter makes the precise statements commanded by the statute. This validation notice appears on the front of the Letter and in the same font size and style as the rest of the body. *See* Letter at 1. Nothing in the Letter—including, as Smallwood complains, the use of the word "if" in the second sentence of the validation notice, Compl. ¶ 25—"overshadow[s] or contradict[s the] accompanying messages or notices from" Commonwealth. *Wilson*, 225 F.3d at 355. Other courts in this district have approved nearly identical validation notices. *See, e.g.*,

5

*Rodriguez v. Northland Grp., LLC*, No. CV 18-7692(FLW), 2018 WL 6567705, at *5 (D.N.J. Dec. 13, 2018) (approving validation notice that, as here, "tracks closely the statutory language contained in § 1692g(a)(3)-(5)"); *Borozan v. Fin. Recovery Servs., Inc.*, No. CV 17-11542(FLW), 2018 WL 3085217, at *6 (D.N.J. June 22, 2018) (approving nearly identical validation notice that "closely tracks the statutory language provided in § 1692g(a)"); *Max v. Gordon & Weinberg P.C.*, No. CV 15-2202 (NLH/AMD), 2016 WL 475290, at *3 (D.N.J. Feb. 8, 2016) (approving validation notice that "mirrors" statutory language); *Hernandez v. Mercantile Adjustment Bureau, LLC*, No. CIV.A. 13-843 JLL, 2013 WL 6178594, at *1 (D.N.J. Nov. 22, 2013) (same). None of these courts required the validation notice to explicitly state that a debt must be disputed in writing. Nor will this Court.

Courts also regularly permit validation notices whose second sentences begin, as Smallwood complains here, with "if." *See Portela v. Diversified Consultants, Inc.*, No. 17-cv-3431, 2019 WL 449198, at *1 (D.N.J. Feb. 5, 2019) (approving validation notice that, as here, begins second sentence with "I̲f̲ you notify this office in writing within 30 days . . . " (emphasis added)); *Martinez v. Diversified Consultants, Inc.*, No. CV1711923ESJAD, 2019 WL 316018, at *1 (D.N.J. Jan. 24, 2019) (same); *see also* FDCPA § 1692g(a)(4) (requiring a "statement that i̲f̲ the consumer notifies the debt collector in writing . . . " (emphasis added). This Court has no problem with that formulation.

*Graziano* does not save Smallwood. She argues that *Graziano* requires that a debt be disputed in writing, and that a validation notice explain this writing requirement. *See* Smallwood Opp. Br. at 6 ("Given *Graziano*'s holding regarding the effectiveness of a dispute, the writing requirement must be clearly conveyed to the consumer."). Smallwood misreads *Graziano*. To be sure, the Third Circuit did state that "subsection (a)(3) must be read to require that a dispute,

to be effective, must be in writing." *Graziano*, 950 F.2d at 112 (3d Cir. 1991) (cited in Smallwood Opp. Br. at 5). But this statement was *dicta*. That court never stated that a validation notice must convey a writing requirement. Rather, in *Graziano* the debt collector **included** an explicit writing requirement in the first sentence of its validation notice, and the plaintiff challenged the requirement's **inclusion**. 950 F.2d at 112. The Third Circuit disagreed and approved the validation notice stating that the inclusion was **permissible** because a dispute must be in writing. *Id.* That a validation notice **may** contain a writing requirement does not mean that it **must**. But this is the gravamen of Smallwood's claim. Her challenge to the Letter under *Graziano* fails.

This reading is confirmed by two later decisions by the same Court of Appeals. In *Wilson*, decided nine years after *Graziano*, the Third Circuit approved a validation notice that tracks the Letter's validation notice *verbatim*: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." 225 F.3d at 352; *compare* Letter at 1 ("Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."). This validation notice did not state that any dispute of the debt must be made in writing, yet the *Wilson* court approved it. *Id.* at 361 ("We hold, therefore, that neither the form nor the substance of [defendant]'s letter overshadowed or contradicted the validation notice."). Likewise in *Jewsevskyj v. Fin. Recovery Servs., Inc.* in which the Third Circuit upheld another validation notice with the same wording. 704 F. App'x 145, 147 (3d Cir. 2017). In both cases, the court analyzed whether the validation notice was formatted to be clear and not overshadowed by other language in the collection letter. *Wilson*, 225 F.3d at 356 (approving validation notice "presented in the same font, size and color

type-face" as the rest of the letter); *Jewsevskyj*, 704 Fed. App'x at 147 (approving validation notice that "is concise and legible, and is not misleading, confusing, or overshadowed by anything else in the letter"). But though both opinions cited *Graziano*, neither required the validation notice to state, as Smallwood wants, that any dispute must be in writing. No such requirement exists in the Third Circuit. Smallwood's Complaint does not state a claim for violation of Section 1692g. Count 2 is dismissed.

### b. *15 U.S.C. § 1692e (Count 1)*

Nor has Smallwood stated a claim under Section 1692e. That provision prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e(10). When, as here, "allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 155 (3d Cir. 2013). Because Smallwood's Section 1692e claim is based on the same conduct—the failure to convey a writing requirement in the validation notice—as her 1692g claim, the Complaint fails to state a claim under 15 U.S.C. § 1692e. *See Borozan*, 2018 WL 3085217, at *7 (dismissing Section 1692e claim premised on same allegations as already-dismissed Section 1692g claim); *Hernandez*, 2013 WL 6178594, at *3 (same). Count 1 is dismissed.

**NOT FOR PUBLICATION**

## CONCLUSION

Alltran's motion to dismiss for failure to state a claim (ECF No. 10) is granted. An appropriate order follows.

DATE: 3 June 2019

William H. Walls
Senior United States District Court Judge